KONICEK, Appellee,

v.

KONICEK, Appellant.

[Cite as *Konicek v. Konicek* (2001), 144 Ohio App.3d 105.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 99CA007383.

Decided Jan. 24, 2001.

*James H. Schulz, Jr.,* for appellee.

*Faye List,* for appellee.

*Robert Cabrera,* for appellant.

*Linda Webber,* for appellant.

_____

CARR, Judge.

Christina Konicek appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division, that terminated a 1997 shared parenting plan and awarded sole legal custody of her minor son, Brian Axford, to Martin Konicek. Because the shared parenting order in this case is void *ab initio,* this court reverses.

Brian Axford ("Brian"), born on June 9, 1995, is the child of Christina Konicek ("Mother") and Brian Axford, Sr. ("Father").[1] Martin Konicek ("Grandfather") is the maternal grandfather of Brian who has played a significant role in Brian's life.

Grandfather filed a complaint in April 1996, requesting that he be awarded custody of Brian, or, in the alternative, reasonable visitation rights. He also filed a motion for temporary custody. Grandfather alleged that Mother and Father were unable to properly care and provide for Brian. Grandfather withdrew his motion for temporary custody and was granted visitation. In August 1996, Grandfather filed a motion for temporary emergency custody, alleging that Mother and Father were "unsuitable" parents. The court denied the motion. In January 1997, Mother, Father, and Grandfather filed a shared parenting plan, pursuant to R.C. 3109.04. The plan designated Mother, Father, and Grandfather each as Brian's residential parent and legal custodian, and divided Brian's time among the three parties. The juvenile court approved and adopted the shared parenting plan.

In early July 1998, Grandfather filed a motion to terminate the shared parenting plan and to designate himself as sole legal custodian, and a motion for emergency temporary custody. The court ordered Brian to reside at Grandfather's home pending the magistrate's decision on Grandfather's motion for emergency temporary custody.

After a hearing, the magistrate issued a decision that awarded Grandfather temporary custody. Mother objected to the magistrate's decision, but the court overruled her objections and adopted the magistrate's decision.

In April 1999, Father and Mother both filed separate motions to modify the allocation of parental rights and responsibilities; both requested that they be

_____

1. Brian Axford, Sr. is not a party to this appeal.

awarded sole legal custody. At the hearing on Grandfather's motion to terminate the shared parenting plan and to designate Grandfather as Brian's sole legal custodian, Mother, Father, and Grandfather each argued that it would be in Brian's best interest if each were awarded sole custody.

The juvenile court terminated the shared parenting plan and designated Grandfather as the legal custodian of Brian. The court awarded Mother and Father visitation and ordered both Mother and Father to pay child support.

Mother timely appeals, asserting one assignment of error:

"The trial court erred and abused its discretion by terminating the shared parenting plan of the parties and designating appellee as the residential parent of the parties's child when such judgment was against the manifest weight of the evidence."

In her sole assignment of error, Mother argues that the juvenile court erred in terminating the shared parenting plan and designating Grandfather as Brian's residential parent because the judgment was against the manifest weight of the evidence. This court agrees with the conclusion that the trial court committed reversible error.

R.C. 3109.04 governs shared parenting orders. A court cannot give a non-parent parental status under R.C. 3109.04. See *Lorence v. Goeller* (July 19, 2000), Lorain App. No. 98CA007193, unreported, 2000 WL 988760; *Liston v. Pyles* (Aug. 12, 1997), Franklin App. No. 97APF01–137, unreported, 1997 WL 467327. Because the 1997 shared parenting plan designated Grandfather, a nonparent, as a residential parent of Brian, the shared parenting plan is void *ab initio*.

Because the shared parenting order in this case is void *ab initio* and has no force of law, there is no basis for the juvenile court's decision that terminated the shared parenting plan and designated Grandfather as the sole legal custodian. Accordingly, the judgment of the common pleas court is reversed. The matter is remanded for a hearing, which is to be held within a reasonable time.[2]

In the best interest of the child, *status quo* of custody shall be maintained pending the outcome of the trial court's decision, meaning Grandfather shall have temporary custody of Brian while the matter remains undecided.

*Judgment reversed.*

BATCHELDER, P.J., and SLABY, J., concur.

---

2. This court takes no position regarding which party should be granted custody.